UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 16-5241-DMG (ASx) | Date | October 4, 2016 |
| Title | *Lori Delgado v. MillerCoors, LLC, et al.* | Page | 1 of 3 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER DENYING PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT [11]**

## I.
## PROCEDURAL HISTORY

On June 6, 2016, Plaintiff Lori Delgado filed a complaint in the Los Angeles County Superior Court against MillerCoors, LLC and Tracy Sydnor, raising nine state law claims relating to her termination. Exhibit A ("Compl.") to Notice of Removal ("NOR") [Doc. # 1-1]. Specifically, Delgado alleges California Fair Employment and Housing Act ("FEHA") violations because MillerCoors wrongfully terminated her on the basis of her disability, retaliated against her for engaging in a protected activity, failed to timely engage in the good faith interactive process, failed to reasonably accommodate Delgado's disability, and failed to prevent harassment and discrimination. *Id.* Delgado also brings a claim of intentional infliction of emotional distress ("IIED") against both MillerCoors and Sydnor. *Id.* at ¶¶ 158-62.

On June 15, 2016, Delgado served MillerCoors. Notice of Removal ("NOR") at ¶ 2 [Doc. # 1]; Exhibit B ("Service of Process Transmittal") to NOR [Doc. # 1-2]. On July 15, 2016, Defendants filed a Notice of Removal asserting both diversity and federal question jurisdiction. *See* NOR at ¶¶ 10–40. MillerCoors contends that Sydnor is a fraudulently joined defendant whose citizenship should be disregarded for purposes of establishing diversity jurisdiction. *Id.* at ¶ 16. MillerCoors also contends that Delgado's FEHA claims are preempted by the Labor-Management Relations Act ("LMRA") because Delgado was represented by a union which was party to a collective bargaining agreement ("CBA") with MillerCoors. *Id.* at ¶¶ 33–35. As of July 21, 2016, Delgado had not yet served Sydnor. Joint Stipulation to Extend Time to Respond to Initial Complaint ("Joint Stip.") at 2:9 [Doc. # 9].

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 16-5241-DMG (ASx)** | Date | October 4, 2016 |
| Title | *Lori Delgado v. MillerCoors, LLC, et al.* | Page | 2 of 3 |

      On August 22, 2016, Delgado filed the instant motion to remand ("MTR") to state court on the ground that Sydnor is a citizen of the State of California, thus destroying complete diversity. [Doc. # 11]. The MTR does not address MillerCoors' assertion of federal question jurisdiction. *Id.* On September 9, 2016, Defendants filed an opposition ("Opp."), with a supporting declaration of Lindsay L. Ryan ("Ryan Decl."). [Docs. ## 13, 14]. Delgado did not file a reply, and the time to do so has now passed.

## II.
## DISCUSSION

      "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C section 1447(c). The Ninth Circuit ruled in *Lively v. Wild Oats Markets, Inc.* that "the forum defendant rule embodied in § 1441(b) is a procedural requirement, and thus a violation of this rule constitutes a waivable non-jurisdictional defect subject to the 30-day time limit imposed by § 1447(c)." 456 F.3d 933, 942 (9th Cir. 2006). Indeed, the Court may not even remand this case *sua sponte* for improper removal under section 1441(b). *Id.* at 936.

      Here, Delgado's MTR is based solely on lack of diversity, and was filed over 30 days after the NOR. The Court notes that Plaintiff's failure to timely file the MTR is a puzzling missed opportunity to maintain this action in state court, where the instant claims would otherwise belong. Contrary to MillerCoor's assertion, the Court is not convinced that Sydnor, who was MillerCoors' human resources representative and directly interacted with Delgado as to her workplace accommodations and eventual termination, is a "sham defendant." *See, e.g.*, *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1160 (C.D. Cal. 2009) ("Denying federal diversity jurisdiction in this case, where Plaintiff seeks to include her direct supervisor in a lawsuit relating to her termination, is consistent with the Founders' intent in establishing diversity jurisdiction."). In addition, it is well established that rights created by the FEHA are independent of a collective bargaining agreement and thus not preempted. *See, e.g.*, *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 748 (9th Cir. 1993) ("As we have held previously, the rights conferred by the California Employment Act are 'defined and enforced under state law without reference to the terms of any collective bargaining agreement.'") (quoting *Chmiel v. Beverly Wilshire Hotel Co.*, 873 F.2d 1283, 1286 (9th Cir. 1989)).[1]

---

[1] It also appears that Delgado failed to comply with Local Rule 7-3's meet-and-confer requirement. Pursuant to Local Rule 7-3, before filing any motion, counsel must contact opposing counsel at least seven days prior to filing a motion, preferably in person, to discuss the substance of the contemplated motion and any potential resolution, and provide a statement in the notice of motion to the effect that this conference has taken place. C.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 16-5241-DMG (ASx) | Date | October 4, 2016 |
|---|---|---|---|
| Title | *Lori Delgado v. MillerCoors, LLC, et al.* | Page | 3 of 3 |

      Absent Plaintiff's failure to timely file the MTR, this Court would lack subject matter jurisdiction. Nevertheless, it is bound by the Ninth Circuit's ruling in *Lively*. Because Delgado failed to timely challenge removal under 28 U.S.C section 1447(c), the Court must **DENY** the MTR.

**IT IS SO ORDERED.**

---

Cal. L.R. 7-3. Delgado is strongly admonished to comply with Local Rules in the future. Any failure to do so may result in the summary denial of motions or the imposition of sanctions.

---